IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF RICHARD RICCI, AND ANGELA RICCI, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>SALT LAKE CITY CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES<br><br><br><br>Case No. 2:03-CV-749 TS |

This matter is before the Court on Defendants' Motion for Attorney's Fees. The Court is prepared to rule on this matter based on the briefs submitted by the parties and finds that a hearing on this matter is not necessary.

I. BACKGROUND

Plaintiff filed this action on August 29, 2003. Plaintiff named various City and State Defendants in her Complaint. Plaintiff settled her dispute with the various State Defendants and they were dismissed on September 30, 2004. Both Plaintiff and remaining Defendants filed various motions which the Court heard on July 6, 2005.

1

At the July 6, 2005 hearing, the Court denied Plaintiff's Rule 56(f) Motion for Further Discovery, granted Defendants' Motion for Summary Judgment, denied Defendants' Motion for Sanctions Under Rule 11, and dismissed as moot Plaintiff's Motion to Continue and Defendants' Motion to Stay.  As a result of these rulings, the case was dismissed with prejudice and is now on appeal.

Defendants have brought this Motion for Attorney's Fees claiming that they should be awarded because Plaintiff's suit was frivolous and vexatious.  Plaintiff responds by arguing that her claims were not frivolous, that the Motion is untimely, and that she cannot afford the amount being sought.

## II.  DISCUSSION

A prevailing party may be awarded attorney's fees in an action brought pursuant to 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1988(b).  "A prevailing defendant in a civil rights action may recover attorney's fees under 42 U.S.C. § 1988 if the suit 'was vexatious, frivolous, or brought to harass or embarrass the defendant.'" *Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983)).  "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff. . . .  The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations omitted).

An example of where this high burden was met can be found in *Crabtree v. Muchmore*. 904 F.2d 1475 (10th Cir. 1990).  There, the Tenth Circuit held that attorney's fees or Rule 11

sanctions were appropriate where the plaintiffs sued a judge, despite his absolute judicial immunity, on a claim based on a property interest that both a state court and a federal bankruptcy court had determined did not exist. *Id*. at 1477–78. The court held that "no attorney . . . could believe that absolute judicial immunity would not bar the action against [the defendant judge]." *Id*. at 1477. For these reasons, Rule 11 sanctions or attorney's fees were appropriate and the case was remanded for the district court to apportion fault between the plaintiff and counsel. *Id*. at 1479. The Tenth Circuit has stated that *Crabtree* "underscores the rare circumstances in which a suit is truly frivolous so as to warrant an award of attorneys' fees to the defendant." *Clajon Production Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).

Defendants argue that the high burden placed upon them has been met here. Defendants argue that Plaintiff's lawsuit was speculative and her discovery responses show that the claims against Defendants had no basis. Further, they argue, the discovery that was conducted showed that Defendants had nothing to do with Richard Ricci's arrest, incarceration, and ultimate death. For these reasons, Defendants claim that Plaintiffs' suit was frivolous. Defendants seek reimbursement for 125.75 hours worth of legal work at a rate of $150 per hour, for a total of $18,862.50. City Defendants submit the affidavit of Mr. Haggerty, which sets forth the information supporting the amount of the award.

Plaintiff responds by arguing that the claims were not frivolous and that the Court has not ruled as such. Instead, Plaintiff argues, the Court dismissed this case on a procedural question, namely Plaintiff's response to discovery questions. Since the Court did not find Plaintiff's case to be frivolous when it was dismissed, Plaintiff argues it should not be seen as frivolous now.

Plaintiff also argues that the Motion is untimely and that she is unable to pay the amount sought by Defendants.

The Court finds that Plaintiff's suit was not frivolous, vexatious, or brought to harass or embarrass Defendants. The Court dismissed Plaintiffs' suit on Defendants' Motion for Summary Judgment (Docket No. 92). In that Order, the Court found that: (1) there was no evidence that City Defendants were responsible for Mr. Ricci's arrest; (2) there was no evidence that City Defendants influenced the terms of his state incarceration; (3) there was no admissible evidence that City Defendants conspired with the State as to the terms of Mr. Ricci's confinement or the conditions in which he was kept; and (4) there was no evidence that City Defendants were responsible for his death. While the Court found that there was insufficient evidence to support Plaintiff's claims and noted that the conduct of Plaintiff's counsel fell well below the standard of professionalism expected by the Court, the Court did not rule that the suit was frivolous, vexatious, or brought to harass or embarrass Defendants and is unwilling to do so now.

Further, this case in not like *Crabtree*, where it was clear that no claim existed. Instead, this is a case where the claims alleged in the Complaint were simply not substantiated by the facts as they emerged. Therefore, the Court will deny Defendants' Motion for Attorney's Fees. For these reasons, the Court finds it unnecessary to address the other issues raised by Plaintiff.

III.  CONCLUSION

Therefore, the Court ORDERS that:

Defendants' Motion for Attorney's Fees (Docket No. 93) is DENIED.

DATED   September 15, 2005.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge