IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF RICHARD RICCI, and ANGELA RICCI, an individual, <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br><br> SALT LAKE CITY CORPORATION, a Municipal Corporation, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT <br><br><br><br><br><br> Case No. 2:03-CV-749 TS |

This matter is before the Court on Plaintiffs' Motion for Rule 60(b) Relief From Judgment. In their Motion, Plaintiffs seek relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1), (2), (3), and (6). For the reasons set forth below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff Angela Ricci, on behalf of herself and the estate of her deceased husband Richard Ricci, sued Salt Lake City, individual Salt Lake City police officers, and state defendants under 42 U.S.C. § 1983.[1] Ms. Ricci alleged violations of her husband's civil rights

---

[1]Docket No. 1.

1

through defamation, false arrest, unlawful detention, baseless prosecution, false imprisonment, cruel and unusual punishment, and wrongful death.[2]

The City Defendants sought summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[3] Ms. Ricci did not respond to the substance of the summary judgment motion, but instead requested a continuance under Rule 56(f).[4] The Court denied Plaintiffs' Rule 56(f) Motion and granted Defendants' Motion for Summary Judgment.[5] The Court's decision was affirmed upon appeal.[6]

Plaintiffs have now filed the instant motion seeking relief from judgment pursuant to Rule 60(b). Ms. Ricci essentially argues that summary judgment was entered against her as a result of her former counsel's conduct.

## II.  DISCUSSION

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

---

[2] *Id.*

[3] Docket No. 45.

[4] Docket No. 62.

[5] Docket No. 92.

[6] Docket No. 106; 180 Fed. Appx. 810 (10th Cir. 2006).

Here, the Court granted summary judgment on July 26, 2005.[7] Thus, Plaintiffs' Motion was filed well after the one-year period set out in Rule 60(b). Plaintiffs argue that their Motion is timely because the United States Supreme Court denied their application for a writ of certiorari on November 27, 2006. This argument is incorrect.

The Tenth Circuit has stated: "By its terms, the one-year time limit in Rule 60(b) runs from the date the judgment was "entered" in the district court; it does not run from the date of an appellate decision reviewing that judgment nor does the pendency of an appeal toll the one-year period."[8] The one-year limitations period is absolute.[9] Since Plaintiffs' Motion was filed outside the limitations period, the Court will not consider the grounds set forth under Rule 60(b)(1), (2), and (3), as they are untimely.

Rule 60(b)(6) is a catchall provision, allowing relief from judgment for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b) "'is extraordinary and may only be granted in exceptional circumstances.'"[10] "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an

---

[7] Docket No. 92.

[8] *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005).

[9] *Id*. at 1088.

[10] *Amoco Oil Co. v. United States Env't. Prot. Agency*, 231 F.3d. 694, 697 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

appeal."[11]  "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."[12]

As noted above, Plaintiffs' primary basis for the Motion is based on the conduct of Ms. Ricci's former counsel.  Plaintiffs cannot meet their burden under Rule 60(b)(6) merely by alleging that their counsel's conduct was negligent.[13]  Further, "it is a fundamental principle of our representational legal system . . . that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client."[14]  As Plaintiffs only seek relief based on their former counsel's allegedly negligent conduct, they have not met the high burden of Rule 60(b)(6).  Therefore, the Motion must be denied.

---

[11]*Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

[12]*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

[13]*See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

[14]*Sec. Nat'l Bank v. John Deere Co.*, 927 F.3d 519, 520 (10th Cir. 1991); *see also Pelican*, 893 F.2d at 1147 ("[W]e find nothing unfair about requiring a party to be bound by the actions of his attorney-agent.").

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Rule 60(b) Relief from Judgment (Docket No. 108) is DENIED.

DATED   January 2, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge